**LEE M. PERLMAN**
**ATTORNEY AT LAW**
**8 Ranoldo Terrace, Suite 300**
**Cherry Hill, New Jersey 08034**
**(856) 429-2449**
**ATTORNEY FOR DEBTOR, LINDA S. PRICE**

|  |  |
|---|---|
| LINDA S. PRICE<br><br>Debtor | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CASE NO.: 07-26707-JHW |
| LINDA S. PRICE<br><br>　　　　Plaintiff/Debtor<br>vs.<br>VERIZON WEST VIRGINIA INC.<br>　　　　&<br>AFNI, INC.<br><br>　　　　Defendant(s) | **AP NO.:**<br><br>**ADVERSARY COMPLAINT** |

## I. INTRODUCTION

1.　This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, et seq. (hereafter FDCPA),

2.　This is an action for damages brought by an individual consumer for Defendants' violation of the Automatic Stay pursuant to 11 U.S.C. § 362.

## II. JURISDICTION

3.　The Plaintiff filed this Chapter 7 case on November 13, 2007. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 157 and 1334. This adversary proceeding is a core proceeding. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

## III. PARTIES

4. The Plaintiff is a natural persons residing at 20 Turner Street, Mantua, New Jersey 08051.

5. The Defendant, Afni, Inc. (hereafter "Afni"), is a corporation or other business entity engaged in the business of collecting debts in the State of New Jersey with a place of business located at P.O. Box 3427, Bloomington, Illinois 61702. The principal purpose of Defendant's business is the collection of debts using the mail and telephones. Defendant regularly attempts to collect debts alleged to be due another.

6. The Defendant, Verizon West Virginia Inc. (hereafter "Verizon"), is a corporation or other business entity engaged in the business of providing telecommunication services in the State of New Jersey with a place of business located at P.O. Box 165018, Columbus, Ohio 43216-5018.

7. Andrew Sklar is the duly appointed Chapter 7 Trustee in this case with an address of 411 Route 70 East, Suite 200, Cherry Hill, NJ 08034 Although not a party to this action, the Trustee is a party in interest and will receive notice of the adversary proceeding.

## IV. FACTUAL ALLEGATIONS

8. The Plaintiff's Chapter 7 case was commenced by filing a voluntary petition with the Clerk of this Court on November 13, 2007.

9. At the time, the Plaintiff included Verizon twice in her "Schedule F" as an unsecured creditor with a collection amount of $166.00 and $110.00. A copy of the Plaintiff's "Schedule F" is attached as Exhibit "A".

10. Verizon received notice from the Bankruptcy Noticing Center on November 17, 2007 that the Plaintiff had filed a voluntary Chapter 7 bankruptcy petition. See attached Notice of Bankruptcy and Certificate of Service as Exhibit "B".

11. On or around February 27, 2008, the Plaintiff received a debt collection letter from Afni. The letter was sent on behalf of Verizon attempting to collect $83.36 on a debt with a principal balance of $166.72. The principal balance sought to be collected is extremely similar to the amount listed in the Plaintiff's "Schedule F". A copy of the collection notice dated February 27, 2008 is attached as Exhibit "C".

12. The Plaintiff alleges that Verizon received notice of the filing of her bankruptcy petition by including them as an unsecured creditor.

13. The Plaintiff further alleges that Verizon retained Afni to collect a previously

discharged debt on its behalf.

14. The Plaintiff also alleges that Afni knew, or should have known that the debt they were collecting on behalf of Verizon was discharged.

15. The attempted collection of these discharged debts hinders the Plaintiff's ability to obtain the "fresh start" afforded through bankruptcy.

## V. FIRST CLAIM FOR RELIEF

16. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through fifteen (15) as though set forth herein at length.

17. Defendant, Afni violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated the FDCPA by using prohibited communication practices by communicating directly with the Plaintiff with the knowledge that she did not want to be contacted directly and communicated with her knowing she was represented by an attorney. Thus violating 15 U.S.C. § 1692c(a)(2).

    b. Defendant violated the FDCPA by failing to represent the legal status of the Plaintiff's debt as discharged in her Chapter 7 Bankruptcy in violation of 15 U.S.C. § 1692e(2).

    c. Defendant violated the FDCPA by failing to state that the plaintiff has the right to dispute the alleged debt within 30 days of receipt of the notice in violation of 15 U.S.C. § 1692g(3).

18. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of the Plaintiff's actual damages, statutory damages, and costs and attorney fees.

## VI. SECOND CLAIM FOR RELIEF

19. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs one (1) through eighteen (18) as though set forth herein at length.

20. Defendants, Afni and Verizon's actions constitute a violation of the Automatic Stay thereby violating 11 U.S.C. § 362 of the United States Bankruptcy Code.

21. As a result of the above violation of the Automatic Stay, the Defendants are liable to the Plaintiff in the sum of the Plaintiff's actual damages, statutory damages, punitive damages, and costs and attorney fees.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

  a. actual damages;

  b. statutory damages pursuant to 15 U.S.C. § 1692(k);

  c. costs and reasonable attorney's fees;

  d. for such other and further relief as may be just and proper.

May 30, 2008                /s/ Lee M. Perlman
DATE                   LEE M. PERLMAN, ESQUIRE